UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| EVA TOLDI AND NADER MOSSAVI,<br><br>Plaintiff,<br>v.<br><br>SENTRY RECOVERY & COLLECTIONS, INC.,<br><br>Defendant. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

For this Complaint, the Plaintiffs, EVA TOLDI and NADER MOSSAVI, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiffs by the Defendant and its agents in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendants transact business in the State of Nevada.

## PARTIES

4. The Plaintiff, EVA TOLDI ("Mrs. Toldi") and NADER MOSSAVI

("Mr. Mossavi"), hereinafter collectively referred to as "Plaintiffs", are each adult individuals residing in Las Vegas, Nevada, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant SENTRY RECOVERY & COLLECTIONS, INC. ("SENTRY"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by SENTRY and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. SENTRY at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS
### A. The Debt

8. Mrs. Toldi allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor") relating to an apartment lease debt.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

2

10. The alleged Debt was incurred prior to the Plaintiffs' marriage.

11. The Debt was purchased, assigned or transferred to SENTRY for collection, or SENTRY was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. SENTRY Engages in Harassment and Abusive Tactics**

### FACTS

13. On June 19, 2013 at approximately 2:48 PM, Sentry's representative called Mrs. Toldi on her cellular phone.

14. Thereafter, Sentry's representative, Greg Anderson, proceeded to call Mr. Mossavi on his cellular phone, phone number ending "6694".

15. Mr. Mossavi advised Mr. Anderson that he and his wife were at a family function and was not able to talk to him at this time.

16. Mr. Anderson persisted and advised Mr. Mossavi that he was attempting to collect a debt from Mrs. Toldi.

17. At this time, Mrs. Toldi then took the cell from her husband and again advised Mr. Anderson that she was at a family function and advised Mr. Anderson that it was inconvenient for her to discuss the alleged Debt at that time.

18. Mr. Anderson totally disregarded Mrs. Toldi and continued to badger her to repay the Debt.

3

19. Mr. Anderson further threatened imminent garnishment if Mrs. Toldi failed to make immediate payment arrangements with Sentry.

20. Mrs. Toldi, who was stressed, shocked and scared by Sentry's threats, handed her husband, Mr. Mossavi, her cell phone to talk to Sentry's representative.

21. Mr. Mossavi then *again* advised Sentry that it was inconvenient to discuss the Debt at that time since they were at a personal family function.

22. Mr. Mossavi further advised that they would call Sentry back later that day to discuss the Debt, but it was inconvenient at the time.

23. Notwithstanding Mr. Mossavi's and Mrs. Toldi's request to terminate the conversation with Sentry, Mr. Anderson persisted in badgering Mr. Mossavi.

24. Mr. Anderson, told Mr. Mossavi that Sentry would "clear off his desk" and come after "Mr. Mossavi with everything [Sentry's] got!"

25. Mr. Mossavi who was shocked and angry, said "be my guest."

26. In response, Mr. Anderson shockingly mocked:

> *"HAVE YOU BEEN DRINKING?*
> *ARE YOU DRUNK?"*

27. Totally frustrated an incensed, Mr. Mossavi terminated the call.

28. This lawsuit results.

…

..

## C. Plaintiff Suffered Actual Damages

29.     The Plaintiffs have suffered and continue to suffer actual damages as a result of SENTRY's unlawful conduct.

30.     As a direct consequence of SENTRY's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## D. Respondeat Superior Liability

31.     The acts and omissions of SENTRY, and the other debt collectors employed as agents by SENTRY who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant SENTRY.

32.     The acts and omissions by SENTRY and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by SENTRY in collecting consumer debts.

33.     By committing these acts and omissions against Plaintiffs, SENTRY and these other debt collectors were motivated to benefit their principal, Defendant SENTRY.

34.     SENTRY is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions

done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiffs.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

35. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendant failed to identify itself, or failed to state that the Defendant was confirming or correcting collection information when it contacted a third party in an attempt to collect a debt from the Plaintiff.

37. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendant contacted a third party in an attempt to collect a debt from the Plaintiff.

38. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted a third party more than once without request or consent to do so in an attempt to collect a debt from the Plaintiff.

39. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at an unusual time or place or at a time or place known to be inconvenient for the consumer.

40. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that

Defendant contacted the Plaintiff at the Plaintiff's place of employment when it knew, or should have known, that such contacts were prohibited by the Plaintiff's employer.

41. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendant engaged in communication with parties other than the Plaintiff, Plaintiff's attorney, or a credit bureau in an attempt to collect a debt.

42. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

43. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane or other abusive language in connection with the collection of a debt.

44. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

45. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants stated that non-payment of the debt would result in the seizure, garnishment or attachment of Plaintiff's property.

46. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally

take or did not intend to take in collection of a debt.

47. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

48. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

49. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

50. The Plaintiffs are entitled to damages as a result of Defendants' violations.

51. The Plaintiffs have been required to retain the undersigned as counsel to protect their legal rights to prosecute this cause of action, and are therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

52. Plaintiffs incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

53. Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

54.    Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

55.    Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs.

56.    The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against the Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

57.    As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each Defendant.

…

…

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants awarding the Plaintiffs:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiffs have suffered (and continue to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

1. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2. for such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 12, 2014

>Respectfully submitted,
>
>By  /s/David H. Krieger, Esq.
>
>David H. Krieger, Esq.
>Nevada Bar No. 9086
>HAINES & KRIEGER, LLC
>8985 S. Eastern Avenue, Suite 130
>Henderson, Nevada 89123
>Phone: (702) 880-5554
>FAX: (702) 385-5518
>Email: dkrieger@hainesandkrieger.com
>
>Attorney for Plaintiff
>*EVA TOLDI AND NADER MOSSAVI*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF NEVADA            )
                           ) ss
COUNTY OF CLARK            )

Plaintiff EVA TOLDI, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
EVA TOLDI, Plaintiff

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEVADA )
) ss
COUNTY OF CLARK )

Plaintiff NADER MOSSAVI, having first been duly sworn and upon oath, deposes and says as follows:

6. I am a Plaintiff in this civil proceeding.
7. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
8. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
9. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
10. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
NADER MOSSAVI, Plaintiff